# IN THE COURT OF APPEALS OF IOWA

No. 24-1838
Filed October 29, 2025

**ROBERT PANEK,**
      Plaintiff-Appellant,

**vs.**

**IOWA METHODIST MEDICAL CENTER a/k/a CENTRAL IOWA HOSPITAL CORPORATION a/k/a UNITY POINT HEALTH DES MOINES a/k/a CENTRAL IOWA HEALTH SYSTEM and UNKNOWN AND UNNAMED EMPLOYEE PHYSICIANS, NURSES, ANESTHESIOLOGISTS, AND OTHER MEDICAL STAFF,**
      Defendants-Appellees.
_____

Appeal from the Iowa District Court for Polk County, Jeffrey Farrell, Judge.

A plaintiff appeals the district court's grant of a motion to dismiss for failure to file a certificate of merit in compliance with Iowa Code section 147.140 (2023). **AFFIRMED.**

Jeff Carter and Zachary C. Priebe of Jeff Carter Law Offices, P.C., Des Moines, for appellant.

Erik P. Bergeland, Joseph F. Moser, and Jeffrey R. Kappelman of Finley Law Firm, P.C., Des Moines, for appellees.

Considered without oral argument by Schumacher, P.J., and Badding and Langholz, JJ.

**SCHUMACHER, Presiding Judge.**

Robert Panek appeals the district court's ruling on a motion to dismiss based on failure to provide a certificate of merit signed under oath as required under Iowa Code section 147.140 (2023). Panek asserts the defendants (collectively, Iowa Methodist) waived or were estopped in exercising the right to file a motion to dismiss and that section 147.140 is unconstitutional and is void for vagueness.

## I. Background Facts & Proceedings

Panek was admitted to Iowa Methodist for a scheduled surgery in 2021. After the surgery, he was discharged to a rehabilitation center. While in treatment at Iowa Methodist, Panek developed bed sores, which were undocumented and allegedly untreated. The bed sores were discovered at the rehabilitation center and diagnosed as "unstageable and non-blanchable."

Panek filed a petition and jury demand in Polk County District Court in 2023. Under Iowa Code section 147.140, Panek timely served a certificate of merit upon Iowa Methodist, which identified an expert witness and the expert's opinions. Discovery requests were served by both parties.

About eight months after the certificate of merit was served, Iowa Methodist moved to dismiss pursuant to section 147.140 for failure to include a jurat or "under the penalty of perjury" language within the certificate. The district court granted the motion and dismissed the claim.

## II.    Discussion

We review district court rulings on motions to dismiss and determinations on statutory construction for correction of errors at law.  *Miller v. Cath. Health Initiatives-Iowa, Corp.*, 7 N.W.3d 367, 373 (Iowa 2024).

Panek asserts that Iowa Methodist had knowledge of its right to file a motion to dismiss under section 147.140 and voluntarily waived that right by continuing with discovery for over six months before filing the motion.  Section 147.140 states:

> (1)(a) In any action for personal injury or wrongful death against a health care provider based upon the alleged negligence in the practice of that profession or occupation or in patient care, which includes a cause of action for which expert testimony is necessary to establish a prima facie case, the plaintiff shall, prior to the commencement of discovery in the case and within sixty days of the defendant's answer, serve upon the defendant a certificate of merit affidavit signed by an expert witness with respect to the issue of standard of care and an alleged breach of the standard of care. . . .
> (b) A certificate of merit affidavit must be signed by the expert witness and certify the purpose for calling the expert witness by providing *under the oath* of the expert witness all of the following:
> . . . .
> (6) Failure to substantially comply with subsection 1 shall result, upon motion, in dismissal with prejudice . . . .

Iowa Code § 147.140(1)(a)–(b), (6) (emphasis added).  The parties do not dispute that Panek provided to Iowa Methodist a certificate of merit within the sixty-day deadline.  And they agree that the certificate was not signed under oath or with penalty-of-perjury language.

Our courts have determined that substantial compliance with section 147.140 "under oath" language requires that the document qualify as an affidavit.  *Miller*, 7 N.W.3d at 373–74 (noting the statute "uses the term 'affidavit' six times, including in the title of the enactment").  To properly make an affidavit, "there must be present at the same time the officer, the affiant, and the paper, and

there must be something done which amounts to the administration of an oath." *Id.* at 374–75 (citation omitted). Another method of satisfying an affidavit requirement is through the signer's self-attestation, certifying the contents of the document by including "'under penalty of perjury' language." *Id.* at 375. The purpose of both methods is to assure the signer's conscience is bound "and emphasizes the obligation to be truthful." *Id.*

To show a waiver of a constitutional or statutory right, such as the right to file a motion to dismiss, the waiver must be "the voluntary or intentional relinquishment of a known right." *Scheetz v. IMT Ins. Co.*, 324 N.W.2d 302, 304 (Iowa 1982) (citation omitted). The elements of a waiver are "the existence of a right, knowledge, actual or constructive, and an intention to relinquish such right." *Id.* A waiver of a right can be shown through affirmative acts or inferred from conduct. *Id.*

Iowa Methodist argues that it did not intend to waive its right under section 147.140 to file a motion to dismiss by conducting discovery. Our supreme court has determined defendants conducting discovery "do not constructively waive their right to challenge deficient certificates of merit under section 147.140(6)." *Banwart v. Neurosurgery of N. Iowa, P.C.*, 18 N.W.3d 267, 277 (Iowa 2025) (cleaned up). During the pendency of this appeal, the court has set a "bright line" for determining whether the right to file for dismissal has been waived. *See id.* "Using the *dispositive motion deadline* as a bright line for determining waiver avoids a fact-intensive inquiry into how much discovery is too much. . . . Going forward, parties should rely upon this bright line . . . ." *Id.* at 277–78 (emphasis added).

Here, Iowa Methodist moved to dismiss under section 147.140 on August 4, 2024, well before the dispositive motion deadline of April 15, 2025, and accordingly did not waive their right to file the motion. *See id.* at 278. "[D]efendants may control the timing of their motions for summary judgment, subject to the district court's dispositive motion deadline, without [waiving] their rights under section 147.140." *Id.*

This bright line procedural deadline forecloses Panek's estoppel by acquiescence argument as well. It would be paradoxical for Iowa Methodist to "remain inactive for a considerable time," acting "in a manner that leads the other party to believe the act now complained of has been approved" before the dispositive motion deadline. *See Markey v. Carney*, 705 N.W.2d 13, 21 (Iowa 2005) (cleaned up) (outlining the required elements of estoppel by acquiescence). We determine the district court did not err in granting Iowa Methodist's motion to dismiss under Iowa Code section 147.140(6).

Concerning Panek's argument asserting that section 147.140 is void for vagueness, we review constitutional claims de novo. *Formaro v. Polk Cnty.*, 773 N.W.2d 834, 838 (Iowa 2009). Our supreme court has held, "Iowa Code section 147.140 is not unconstitutionally void for vagueness." *Banwart*, 18 N.W.3d at 276. And we do not have the authority to overturn supreme court precedent. *See Willock v. State*, No. 24-0014, 2025 WL 1704327, at *1 (Iowa Ct. App. June 18, 2025) (citing *State v. Beck*, 854 N.W.2d 56, 64 (Iowa Ct. App. 2014)). Accordingly, we find the district court was correct in determining section 147.140 is not void for vagueness.

**AFFIRMED.**